The Assistant Vice-Chancellor.
The language of the testator is clear and explicit, that after the decease of his son Nicholas, the lands shall be sold and the moneys arising therefrom, shall be equally divided amongst all his children, both sons and daughters, except his son Samuel; and if any of them should not be alive at the death of Nicholas, then such respective shares were to go to their respective heirs. Samuel’s heirs were' to participate in the distribution, whether he were living or not.
The attempt to exclude the heirs of Nicholas from a share in the division, is equivalent to inserting another exception in the *125 will, which does not now exist. Nicholas was a son, the division was not to take place till he died, and the will declares that the heirs of any child, who should be dead, should take their parents share in the distribution. I do not see how it is possible to exclude the heir of Nicholas from the distribution, under the positive terms of this will. If the life estate had been given to the testator’s widow, instead of Nicholas, nobody would have raised a doubt on the clause. And indeed, the only reason for a doubt now, is not on any defect or obscurity in the devise of the remainder, but because the life estate was devised to Nicholas.
In order to cut off his heir from the remainder, I am to presume that the testator did not intend to leave to Nicholas and his heirs, any greater aggregate interest in the lands, than he did to each of his other children except Samuel; an intention which I can know nothing about, otherwise than as this will declares it to me. And I must also presume, that when he said “all my children’? except Samuel, he meant all his children except Nicholas and Samuel; and that “all, both sons and daughters,” except Samuel, was a similar inadvertence in omitting to except Nicholas. Such a mode of construction would lead to most wild and extravagant results.
The testator, in his dispositions relative to his son Samuel, and the residuary gift to five of his children by name, exhibited a clear conception of what he was doing, and an intelligent discrimination between his different children. He has thought proper to give to Nicholas and his family, more than he gave to others of his children and their families ; and this court cannot control his partiality in this respect, without making a new will! for him. I have no doubt that Mrs. Brown, as the heir of Nicholas, is entitled to a share in the proceeds of the lands.
There must be a decree for a sale of the lands, pursuant to the will, and the costs of the parties are to be paid out of the proceeds, and the residue distributed.